IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| ZEKEMIAN TYRONE DAVIS, | ) |
| Plaintiff, | ) |
| v. | ) CV 314-155 |
| DEPUTY WARDEN DOUG WILLIAMS, Dodge State Prison; DONALD MCCULLERS, Admin Warden, Dodge State Prison; TINA SANDERS, Care and Treatment Warden, Dodge State Prison; and NIKKI FUQUA, Chief Counselor, Dodge State Prison, | ) |
| Defendants. | ) |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, an inmate presently incarcerated at Dodge State Prison in Chester, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. Plaintiff originally filed this case in the United States District Court for the Middle District of Georgia. (Doc. no. 1). Because the events in the complaint occurred in Dodge County and all named defendants are located in Dodge County, United States District Judge Marc T. Treadwell transferred the action to this district. (Doc. no. 5.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2), and that this action be **DISMISSED** without prejudice.

**I.     BACKGROUND**

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996).  28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).  Section 1915(g) is constitutional because it does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection.  Id. at 721-27.

**II.    DISCUSSION**

   **A.    Dismissal Is Warranted Because Plaintiff Has Three Strikes**

A review of Plaintiff's history of filings reveals that he has brought at least three cases that were dismissed as frivolous or malicious or for failing to state a claim upon which relief may be granted:  (1) Davis v. Conway, CV 102-303 (N.D. Ga. July 18, 2002) (failure to prosecute); (2) Davis v. U.S. Penal System, CV 102-723 (N.D. Ga. Apr. 11, 2002) (failure to state a claim); and (3) Davis v. Robinson, CV 112-4452 (N.D. Ga. Apr. 10, 2013) (failure to state a claim).  A dismissal for failure to prosecute an action is properly counted as a strike under the PLRA.  Allen

v. Clark, 266 F. App'x 815, 817 (11th Cir. 2008). Because Plaintiff has at least three strikes under § 1915(g), he cannot proceed IFP in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

**B.     Plaintiff Does Not Qualify for the "Imminent Danger" Exception**

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Nothing in Plaintiff's complaint supports a finding of imminent danger of serious physical injury at the time he commenced this case. Plaintiff's claims all relate to him being unable to make copies of legal documents. (See doc. no. 1, pp. 3-11.) Because Plaintiff does not assert that he was in any imminent danger of serious physical injury at the time he filed the complaint, he fails to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

**III.    CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion to proceed IFP be **DENIED** (doc. no. 2), and that this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this lawsuit, he should

be required to initiate a new lawsuit, which would require submission of a new complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO REPORTED and RECOMMENDED this 8th day of January, 2015, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA